# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

      v.

TURBO GLOBAL PARTNERS, INC., and
ROBERT W. SINGERMAN,

      Defendants.

Case No. 8:20-CV-1120-T-30TGW

## DEFENDANT'S ANSWER TO COMPLAINT

Defendants, Turbo Global Partners, Inc. ("TRBO") and Robert Singerman ("Singerman") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's, United States Securities and Exchange Commissions ("Plaintiff"), Complaint and assert defenses as follows:

1.      Defendants admit the Complaint speaks for itself, but deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants admit the press releases speak for themselves, but deny the remaining allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4 of

the Complaint and further deny that they have violated any of the statutes set forth in paragraph 4 of the Complaint.

5.        Paragraph 5 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5 of the Complaint.

6.        Paragraph 6 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint.

7.        Paragraph 7 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 7 of the Complaint.

## **FACTS**

A.        **Defendants**

8.        Defendants admit that TRBO is a Nevada corporation with its principal place of business in Tampa, Florida, and that the Commission temporarily suspended trading in TRBO's securities in April of 2020, but deny the remaining allegations in in paragraph 8 of the Complaint.

9.        Defendants admit that, at the time of the filing of the Complaint, Singerman was a resident of Tampa, Florida and age 69 and the chief executive officer of TRBO, but deny the remaining allegations in in paragraph 9 of the Complaint.

B.        **Other Party**

10.        Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

C.     **The Fraudulent Scheme**

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants admit the press releases speak for themselves, but deny the remaining allegations in paragraph 12 of the Complaint.

13.     Defendants admit there was an agreement with BeMotion, which speaks for itself, but deny the remaining allegations in paragraph 13 of the Complaint.

14.     Insofar as the allegations in paragraph 14 of the Complaint pertain to an entity other than Defendants and pertain to statements made by that entity, Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations.

15.     Defendants admit that BeMotion shared a thermal scanning product with them and Defendants expressed interest in becoming an exclusive distributor for BeMotion, insofar as the allegations in paragraph 15 of the Complaint pertain to an entity other than Defendants and pertain to statements made by that entity, Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations, and Defendants deny the remaining allegations in in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 21 of the Complaint.

22.     Insofar as the allegations in paragraph 22 of the Complaint pertain to an entity other than Defendants and pertain to statements made by that entity, Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations and insofar as the allegations pertain to Defendants, Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants admit the press release speaks for itself, but deny the remaining allegations in paragraph 25 of the Complaint.

26.     Insofar as the allegations in paragraph 26 of the Complaint pertain to an entity other than Defendants and pertain to statements made by that entity, Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations and insofar as the allegations pertain to Defendants, Defendants admit the press release speak for itself and deny the remaining allegations in paragraph 26 of the Complaint.

27.     Defendants admit the press releases speak for themselves, but deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants admit the press releases speak for themselves, but deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants admit the press releases speak for themselves, but deny the remaining allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

## <u>COUNT I</u>
## Violations of Section 10(b) and Rule 10b-5 of the Exchange Act
## [15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5]

32.     Defendants hereby incorporates by reference its answers to the allegations set forth in Paragraphs 1-31 of the Complaint as if more fully set forth herein.

33.     Paragraph 33 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33 of the Complaint and further deny that they have violated any of the statutes set forth in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 34 of the Complaint and further deny that they have violated any of the statutes set forth in paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 35 of the Complaint and further deny that they have violated any of the statutes set forth in paragraph 35 of the Complaint.

## <u>PRAYER FOR RELIEF</u>

Defendants deny that the Commission is entitled to the relief set forth in the Prayer for Relief and its subparts.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Commission's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

While denying each and every allegation by the Commission that Defendants are liable under the federal securities laws, Defendants avert that, any purported losses sustained by investors, were not proximately caused by any acts or omissions on Defendants' part.

### FOURTH DEFENSE

All or some of the Commission's claims are barred because the alleged violations and damages sustained by investors, if any, were caused by the acts or omissions of third parties over whom Defendants had no control.

### FIFTH DEFENSE

Defendants did not act with the requisite scienter to sustain the causes of action alleged by the Commission in the Complaint.

### SIXTH DEFENSE

At all relevant times hereto, Defendants acted in good faith in statements to and dealings with investors, such that they did not endeavor to create or make any false, misleading, or material misstatements to investors. Evidence of good faith is material to this Court's evaluation of deliberateness and seriousness of any alleged violation and prohibits instituting a permanent injunction.

## SEVENTH DEFENSE

While denying each and every allegation by the Commission that Defendants are liable under the federal securities laws, Defendants avert that, in the event they are found to have failed to disclose any material information to investors, any such omission of information by Defendants was inadvertent.

## EIGHTH DEFENSE

Defendants did not knowingly nor willfully violate any federal securities laws.

## NINTH DEFENSE

The Commission's claim for injunctive relief is barred because, *inter alia*, there has been no violation of federal securities laws and because there is no reasonable likelihood that any violation will be repeated. The Commission's injunctive relief is further barred because the adverse effects of any injunction far outweigh any benefit from an injunction.

## TENTH DEFENSE

The Commission's claim for imposition of a cease and desist order is barred because, *inter alia*, there has been no violation of federal securities laws and because the Commission cannot demonstrate that a cease and desist order is appropriate under the *Steadman v. SEC*, 603 F.2d 1126, 1140 (5th Cir. 1979), aff'd on other grounds, 450 U.S. 91 (1981), factors.

## ELEVENTH DEFENSE

Reckless conduct is insufficient to establish liability.

## TWELFTH DEFENSE

The Commission's claims are barred by the doctrine of laches, waiver and/or estoppel.

## THIRTEENTH DEFENSE

Pursuant to the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry prior to the filing of this Answer. Defendants reserve the right to amend, assert and/or adopt any additional and separate defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

WHEREFORE, Defendants request:

(a) that the Complaint be dismissed with prejudice;

(b) that the Commission take nothing by the Complaint;

(c) that Defendants be awarded their costs, disbursement, attorneys' fees, and expenses incurred herein; and

(d) that Defendants be awarded such other and further relief as the Court may deem proper.


DATED: July __13__, 2020.    LAW OFFICE OF JOSEF M.
                                  MYSOREWALA, PLLC

                                  _/s/ Josef M Mysorewala_
                                  Josef M. Mysorewala, Esq.
                                  Fla. Bar No.: 105425
                                  Law Office of Josef M Mysorewala, PLLC
                                  E-Mail: josefm@lawjmm.com
                                  2000 S. Dixie Highway, Suite 112
                                  Miami. Florida 33133
                                  Telephone: (305) 356-1031
                                  *Attorneys for Turbo Global Partners,*
                                  *Inc. and Robert Singerman*

## CERTIFICATE OF SERVICE

I hereby certify that on the  13th  day of July, 2020, I electronically transmitted the above and foregoing **DEFENDANTS' ANSWER TO COMPLAINT** using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED this  13th  day of July, 2020.

  /s/ Josef M Mysorewala
By: Josef M. Mysorewala