# Exhibit 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

FILED
7/07/00 @ 10:44 am
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

SECURITIES AND EXCHANGE COMMISSION, )   CASE NO.: 99-1117-CIV-T-
                                    )   17A-MAGISTRATE PIZZO
          Plaintiff,                )
    v.                              )
                                    )
PHYSICIANS GUARDIAN UNIT INVESTMENT )
TRUST, by and through its Trustee, PHYSICIANS )
GUARDIAN, INC.; PHYSICIANS GUARDIAN, )
INC.; PHYSICIANS GUARDIAN INSURANCE )
CORP.; ABFAC, INC.; TEL COM PLUS EAST, )
L.L.C.; TEL COM PLUS WEST, L.L.C.;  )
CHARLES POLLEY; and ROBERT W.       )
SINGERMAN,                          )
                                    )
          Defendants.               )
_____)

## CONSENT OF DEFENDANT ROBERT W. SINGERMAN TO THE ENTRY OF FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendant Robert W. Singerman ("Singerman"), without admitting or denying the allegations contained in the Complaint filed herein:

    a. admits the jurisdiction of this Court over him and over the subject matter of this action;

    b. admits service upon him of the Summons and Complaint herein;

    c. waives the making of any findings of fact and conclusions of law; and

    d. hereby voluntarily consents to the entry of the attached Final Judgment of Permanent Injunction and Other Relief ("Final Judgment") against him without further notice.

90

2. Singerman agrees that this Consent shall be made a part of the attached Final Judgment to be entered by this Court in this action, and further agrees that this Court shall retain jurisdiction over this matter for all purposes and in connection therewith shall retain jurisdiction over him. Singerman also has read the provisions of the Final Judgment, agrees to them and further agrees that such provisions shall be incorporated into this Consent.

3. Singerman states that he entered into this Consent voluntarily, and that no promise, threat, or inducement of any kind has been made by the plaintiff, Securities and Exchange Commission ("Commission"), or any member officer, agent, representative thereof, to him or to anyone acting for or in his behalf, to induce him to enter into this Consent.

4. Singerman states that he understands that the Commission cannot and does not confer on him or on any person or entity, immunity from any criminal proceedings against him or other persons or entities for any actions related to or arising from this or any other matter.

5. Singerman states that he understands that the plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or deriving therefrom to any person or entity, public or private, having criminal, civil, or administrative jurisdiction for action thereby.

6. Singerman understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint" (17 C.F.R. §202.5(e)). In compliance with this policy, Singerman agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the

2

Complaint is without factual basis; and (ii) that upon the filing of this Consent, Singerman hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Singerman breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this case to its active docket. Nothing in this provision affects Singerman's testimonial obligations or right to take legal positions in litigation in which the Commission is not a party.

7. Singerman hereby agrees that the Final Judgment, in the form annexed hereto, may be presented by the plaintiff to the Court for signature and entry without further notice.

8. Singerman waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Singerman waives any right he might have to appeal from the entry of the Final Judgment.

10. Consistent with the provisions of 17 C.F.R. § 202.5(f), Singerman waives any claim of Double Jeopardy based upon the settlement of this lawsuit, including the imposition of any remedy or civil penalty therein.

11. Singerman waives service of the Final Judgment entered herein upon him and agrees that entry of the Final Judgment by the Court and filing with the Clerk in the Middle District of Florida will constitute notice to him of the terms and conditions of such Final Judgment.

12. Singerman agrees that he will not oppose the enforcement of the Final Judgment on

3

the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

Dated: June 27, 2000

_____
ROBERT W. SINGERMAN

STATE OF FLORIDA    }
                    }  SS:
COUNTY OF           }

The foregoing instrument was acknowledged before me this 27th day of June 2000, by **ROBERT W. SINGERMAN**, who is personally known to me or who has produced a Florida driver's license as identification and who did take an oath.

_____
Notary Public
State of Florida
Commission Number : 867818

Commission Expiration: 8/30/2003

L. JILL JOHNSTON
My Comm Exp. 8/30/2003
No. CC 867818
[X] Personally Known  [ ] Other I.D.

4