# Exhibit 5

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

00 JUL 17 AM 11: 10

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

SECURITIES AND EXCHANGE COMMISSION, )
)  CASE NO.: 99-1117-CIV-T-
)  17A-MAGISTRATE PIZZO
Plaintiff, )
v. )
)
PHYSICIANS GUARDIAN UNIT INVESTMENT )
TRUST, by and through its Trustee, PHYSICIANS )
GUARDIAN, INC.; PHYSICIANS GUARDIAN, )
INC.; PHYSICIANS GUARDIAN INSURANCE )
CORP.; ABFAC, INC.; TEL COM PLUS EAST, )
L.L.C.; TEL COM PLUS WEST, L.L.C.; )
CHARLES POLLEY; and ROBERT W. )
SINGERMAN, )
)
Defendants. )

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROBERT W. SINGERMAN

Plaintiff, Securities and Exchange Commission ("Commission"), commenced this action by filing its Complaint against Defendant Robert W. Singerman ("Singerman"); the Commission also sued several additional Defendants who are not affected by this Order. In its Complaint, the Commission sought a permanent injunction to prohibit violations by Defendants of the federal securities laws, as well as disgorgement, civil penalties and other relief.

Singerman by his consent affixed hereto, without admitting or denying any of the allegations in the Commission's Complaint or any other paper filed herein, except as to the jurisdiction of this Court, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief ("Final Judgment"). This Court having accepted such Consent and this Court

having jurisdiction over Singerman and the subject matter hereof, and the Court being fully advised of the premises;

## I.

## **SECTION 5 OF THE SECURITIES ACT**

IT IS HEREBY ORDERED that Singerman, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby permanently restrained and enjoined from directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities (including, but not limited to, the units or "unit investment trusts" issued by Physicians Guardian Unit Investment Trust ("PG Trust"), Physicians Guardian, Inc. ("PGI') or Physicians Guardian Insurance Corp. ("Physician Guardian"), through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities (including, but not limited to, the units or "unit investment trusts" issued by PG Trust, PGI or Physician Guardian), or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants or any

other securities (including, but not limited to, the units or "unit investment trusts" issued by PG Trust, PGI or Physician Guardian), unless a registration statement is filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 § U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), provided, however, that nothing in the foregoing portion of this injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## II.

## SECTION 17(a)(1) OF THE SECURITIES ACT

**IT IS HEREBY FURTHER ORDERED** that Singerman, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby permanently restrained and enjoined from directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities (including, but not limited to, the units or "unit investment trusts" issued by PG Trust, PGI or Physicians Guardian), knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

III.

## SECTIONS 17(a)(2) & (3) OF THE SECURITIES ACT

**IT IS HEREBY FURTHER ORDERED** that Singerman, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby permanently restrained and enjoined from directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities (including, but not limited to, the units or "unit investment trusts" issued by PG Trust, PGI or Physicians Guardian), (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3).

IV.

## SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5

**IT IS HEREBY FURTHER ORDERED** that Singerman, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby permanently restrained and enjoined from directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities (including, but not limited to, the units or "unit investment trusts" issued by PG Trust, PGI or Physicians

Guardian), knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## V.

## INCORPORATION OF CONSENT

**IT IS HEREBY FURTHER ORDERED** that Singerman shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

## VI.

## DISGORGEMENT AND PENALTIES

**IT IS HEREBY FURTHER ORDERED** that disgorgment is set against defendant Singerman in the amount of $78,210 (seventy eight thousand two hundred and ten dollars), jointly and severally with all other defendants, representing monies received by him in connection with the offerings (including, but not limited to the units or "unit investment trusts" issued by PG Trust, PGI or Physicians Guardian), as alleged in the complaint, with prejudgment interest.

**IT IS HEREBY FURTHER ORDERED** that the imposition of a civil penalty against defendant Singerman is appropriate pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §

77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in connection with the activities described in the Commission's Complaint. The amount of civil penalties to be assessed against defendant Singerman, if any, shall be determined by the Court upon the Commission's motion, without an evidentiary hearing.

**IT IS HEREBY FURTHER ORDERED** that any enforcement of the money judgment, either already set by this Court with respect to disgorgement, or to be set by the Court in the case of civil money penalties, will be pursued, as appropriate, as a claim against the debtor in the bankruptcy action entitled <u>In Re Robert W. Singerman</u>, Case No. 99-16790-8B7, in the United States Bankruptcy Court, Middle District of Florida, Tampa Division.

**IT IS HEREBY FURTHER ORDERED** that the asset freeze previously entered by the Court against defendant Singerman shall remain in full force and effect until further order of this Court or the Bankruptcy Court.

## VII.

## <u>RETENTION OF JURISDICTION</u>

**IT IS HEREBY FURTHER ORDERED** that all prior orders of this Court relating to an asset freeze, repartriation of funds and assets, records preservation and an accounting shall remain in full force and effect. This Court shall retain jurisdiction over this matter and over Singerman in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to

CASE NO. 8:99-CV-1117-T-17 A

entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** at /0.00 o'clock, A m. this /7th day of July, 2000, at Tampa, Florida.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

ELIZABETH A. KOVACHEVICH
CHIEF JUDGE

cc:
Robert W. Singerman, *pro se*
4332 Beau Rivage Circle
Lutz, FL 33549

Burton W. Wiand, Esq.
Attorney for Charles Polley
Fowler, White, et al
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602

Gwynne Young, as Receiver
Edmund S. Whitson, III, Attorney for the Receiver
Carlton, Fields et al
777 S. Harbour Place
Tampa, FL 33602-5799

Bill Guerrant, Esq.
Hill, Ward & Henderson
Attorneys for Tel Com Plus East, LLC, Tel Com West, LLC
Suite 3700 Barnett Plaza
101 East Kennedy Blvd.
Tampa, FL 33602

C:PGl/Settle/sing/inj/doc